TERRITORY OF HAWAII, TO THE USE OF GARDEN ISLAND MOTORS, LIMITED, *v.* METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK.

No. 2032.

Filed October 15, 1931.                    Decided November 4, 1931.

Perry, C. J., Banks and Parsons, JJ.

*Per Curiam.* This is a petition for rehearing. The first ground is that in the original opinion the court presupposed that the action was brought under the right given the Territory by the first provision of section 2679, R. L. 1925, to sue in its own behalf on a bond furnished by a contractor on a government contract, whereas the instant proceeding was brought under the second provision of said statute. This ground of the petition is not well taken. It is true that under the first clause of the statute the Territory is given the right to sue in its own

behalf on such bonds and all persons who shall have furnished labor and materials used in the prosecution of the work and not paid for are given the right to be made parties to such action and have their claims adjudicated. In the succeeding clause of the statute it is provided that if no such suit shall be brought by the Territory within two months from the completion and final settlement of any contract any person who shall have furnished labor and materials shall upon complying with the conditions of the statute be authorized to bring suit in the name of the Territory for his or their use and benefit against the contractor and his sureties. It appears from the complaint in the instant case that the contract was completed on August 20, 1930, and the suit was brought on the 8th day of December, 1930. It therefore was probably brought under the provision of the statute last referred to. But whether suit is brought by the Territory on its own behalf, or by a person or persons in the name of the Territory for their use and benefit, the clause in the bond which the defendant invoked to prevent a jury trial must be given the same construction. That construction sufficiently appears in the original opinion.

The second ground of the petition is that the instant action is a special proceeding brought under the statute, wherein only one suit is permitted and all persons having claims which they wish to present must become plaintiffs in that suit, and the statute not having made provision for a jury trial there can be no demand by any of the parties for such trial. The argument is made that under any other view of the statute if several persons having separate causes of action against a contractor and his sureties become plaintiffs in an action on the bond and one of them desires a trial by jury and the others desire a trial by the court without a jury it would present an insurmountable obstacle to the further progress of the

case. It is sufficient to say that the obstacle foreseen by the defendant does not arise in the instant case. There is only one plaintiff in whose behalf the suit is brought. If the situation contemplated by the defendant should hereafter arise in some other case it would then be time enough to consider what should be done. Section 2369, R. L. 1925, provides that "either party to a civil suit may demand a trial by jury by a written document filed in court within ten days after the case is at issue." Cases like the one before us are certainly civil suits and we cannot conceive of a situation in which the right of any party to such a suit to demand a jury trial could be denied because some other litigant on the same side of the controversy might prefer a trial by the court without a jury.

The petition is denied without argument under the rule.